NICOLA CARUSO AND GUISEPPI CARUSO, APPELLANTS, v. TOWN OF MONTCLAIR, RESPONDENT.

Submitted July 10, 1916—Decided March 5, 1917.

The right of a municipality to contract with a railroad company for an alteration of street grades to change a grade crossing, under the provisions of section 30 of the General Railroad law (*Comp. Stat., p.* 4234), is paramount to the provisions of the Road act of 1858 (*Comp. Stat., p.* 4161) and supersedes it; and in cases where a change of grade in a street is made by a municipality thereunder, the consent of a majority of owners in interest, fronting on the street, is not required. Therefore, where the municipality proceeds under section 30 of the General Railroad law, to change the grade of a street, sections 70 and 73 of the Road act are not applicable, and any damage sustained by the landowners, by reason of such change, must be assessed as provided by the statute.

On appeal from the Supreme Court.

For the appellants, *Gaetano M. Belfatto* and *Wilbur A. Heisley.*

For the respondent, *Hartshorne, Linsley & Leake.*

The opinion of the court was delivered by

KALISCH, J.   The precise question presented for decision on this appeal is whether an owner of a lot in a street built upon can properly maintain an action for damages sustained by him against a municipality, for a change made in the grade of the street, where it appears that the consent of a majority

of the owners, in interest, of the lots fronting on the part of
the street altered had not been obtained, according to the re-
quirement of section 73 of the Road act (*Comp. Stat., p.*
4461), and where it further appears that such change was
made, in order to eliminate a grade crossing, under the act
of 1901, page 116. The facts are these:

The plaintiffs were the owners of a lot on Bay street, in the
town of Montclair, upon which stood a three-story building.
The tracks of the Delaware, Lackawanna and Western Rail-
road Company crossed Bay street at grade. In order to elimi-
nate this crossing the town and railroad company made an
agreement by which the town should by ordinance change the
grade of the street. This was done, and as a result the street
was depressed, in front of the plaintiffs' property, the entire
width thereof, to a depth of about fifteen feet. The plaintiffs
were awarded damages by the assessors who were authorized
to make the award. Plaintiffs refused to accept the award
and brought an action for damages against the town. The
trial judge directed a nonsuit, and it is from that judgment
that the plaintiffs appeal.

Section 70 of the Road act (*Comp. Stat., p.* 4461) gives
an action to the landowner injured by any change of grade,
if brought within twelve months. Section 73 of the same act
provides that no change of grade shall be made in a street
built upon, without the consent of the majority of the owners,
in interest, of the lots fronting on the part of the street
altered, nor without paying damages. These two sections
make provision for an action for change of grade if brought
within twelve months, and make a change of grade where the
street has been built on unlawful without the consent of the
majority.

Section 72 provides that section 70 shall not apply where
the charter of the municipality authorizes an assessment for
damages, and, as the respondent had that power, this action
cannot be sustained if the change of grade was lawfully made.

The contention of counsel for appellants is, that since it
appears that the change was made without the consent of the
majority of the owners, as required by section 73, the town

was without power to lawfully order it to be done, and being unlawful it could not properly make any assessment, and hence, the appellants' remedy is an action against the town to recover damages for the unlawful injury sustained by them. This contention leaves wholly out of consideration an essential factor necessary to be considered in order to arrive at a proper solution of the question presented, and that is, as to the legal effect of the act of 1901 (*Pamph. L., p.* 116), on the several provisions of the Road act, relied upon by the appellants.

The act of 1901, amended in 1903, is section 30 of the Railroad and Canal act (4 *Comp. Stat., p.* 1234), is of like character as the act of March 19th, 1874, relating to railroads and canals (*Rev., p.* 944, § 163), the legal effect of which latter act upon the section of the Road act was dealt with in *Reed v. Camden,* 53 *N. J. L.* 322, 328, in a well-considered opinion by Mr. Justice Scudder, who, speaking for the Supreme Court, held that the right to contract for change of grade at railroad crossings is paramount to the Road act of 1858 and supersedes it, and in such cases the consent of landowners is not required.

Therefore, where the municipality proceeds under the act of 1901, as amended, to change the grade, the sections of the Road act invoked by the appellants are not applicable, and any damages sustained by the landowners by the change must be assessed as provided by the statute.

The judgment of nonsuit will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, WILLIAMS, GARDNER, JJ. 13.

*For reversal*—None.